# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FELICIA L. ROSS, | ) CASE NO. 5:17 CV 2484 |
| Plaintiff, | ) |
| | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| MCCREA MANOR, et al., | ) AND ORDER |
| Defendants. | ) |

*Pro se* Plaintiff Felicia L. Ross filed this action on behalf of her Aunt, Gladys Brown, against McCrea Manor Nursing and Rehab, the Railroad Retirement Board, Aultman Hospital, and Grande Oaks Heritage Care. In the Complaint, Plaintiff contends that Defendants violated Ms. Brown's rights by not providing her with adequate healthcare and taking over her finances. Plaintiff seeks monetary damages for Ms. Brown.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

## I. Background

Plaintiff's Complaint is disjointed and difficult to follow. She indicates Ms. Brown was in McCrea Manor, a skilled nursing facility in Alliance, Ohio, from June 22, 2012 until October 12, 2017. She also states that she took care of her 95-year old aunt, perhaps prior to June 2012, but she does not specify a time period. She states that one day she tried to pay her aunt's mortgage and

discovered the account had been closed. She telephoned her aunt and learned the phone had been disconnected. She states she did not know where her aunt was until September 27, 2017 when she heard from her daughter that her aunt was in the ICU at Aultman Hospital in Canton, Ohio.

Plaintiff alleges she learned her aunt had suffered a stroke. She contends hospital doctors and nurses tried to get her to authorize the withdrawal of nutrition from her aunt. She states that despite her refusal to withdraw nutrition, the hospital did not give her aunt food for eight days. Plaintiff asked hospital personnel to transfer her aunt to the Cleveland Clinic, but they denied her request. Instead, they transferred her to Grande Oaks Heritage Care Nursing Home.

Plaintiff contends Grande Oaks did not take care of her aunt. She contends that she found her covered in feces, with food coming out of her nose. Other days she found her aunt had not been fed at all. She states it took hours for nurses to respond to her aunt's medical emergency that resulted in a return trip to the hospital

Plaintiff cites to multiple sections of the Ohio Revised Code that were violated. She states she is suing on her aunt's behalf for monetary damages for her aunt's pain and suffering.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an

indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III.     Analysis

Plaintiff cannot represent her aunt in federal court or file claims on her behalf. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[1] An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this

---

[1]    28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). The statute does not allow for an unlicensed layperson to represent anyone other than herself in federal court. *See Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).

Plaintiff is not a licensed attorney and therefore is not authorized to represent her aunt in court. The fact that Plaintiff may have had a power of attorney at one point does not change this result. *See J.M. Huber Corp. v. Roberts*, No. 88–6160, 1989 WL 16866, at * 1 (6th Cir. Feb.17, 1989); *Brown v. Middlebrook*, No. 08–3312, 2009 WL 536553, at * 1 (D. Kan. Mar.3, 2009); *Doyle v. Schumann*, No. 1:07cv3684, 2008 WL 397588, at * 2 (N.D. Ohio Feb.11, 2008); *DePonceau v. Pataki*, 315 F.Supp.2d 338, 341–42 (W.D.N.Y. 2004).

Furthermore, Plaintiff cannot base her own claims on violations of another person's civil rights. In every federal case, the party bringing the suit has the burden to establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the Court decide the merits of the dispute… ." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To have standing to bring a case, the Plaintiff must assert her own legal rights and interests and cannot rest her claim to relief on the legal rights or interests of third parties. *Id.* at 499; *Allstate Insurance Co. v. Wayne Cty*, 760 F.2d 689, 693 (6th Cir. 1985). The fact that Plaintiff may be collaterally affected by the adjudication of her aunt's rights does not necessarily extend the Court's Article III powers to her. *Allstate Insurance Co.*, 760 F.2d at 692. She does not have standing to bring claims based on her aunt's injuries and violations of her aunt's rights.

**IV.	Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Date: April 13, 2018	*/s/ John R. Adams*
	JOHN R. ADAMS
	UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.